■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK MATTERA, Respondent, against J. EDWIN LA VALLEE, as Warden of Clinton Prison, Appellant.— Appeal from an order of the County Court of Clinton County sustaining a writ of habeas corpus and remanding the respondent to Sullivan County for resentencing. No stay was obtained and resentencing took place on April 3, 1959. The same question is presented here that was decided by this court in April, 1959, in *People ex rel. De Pasquale* v. *McMann* (8 A D 2d 662) in which we reversed the lower court on the law and the facts and dismissed a writ. Order appealed from reversed on the law and the facts, the writ dismissed, and the respondent remanded to the Warden of Clinton Prison. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANCIS X. CORRIGAN, Respondent, against J. EDWIN LA VALLEE, as Warden of Clinton Prison, Appellant.— Appeal from an order of the County Court of Clinton County which sustained a writ of habeas corpus and released respondent from the custody of the Warden of Clinton Prison. Order reversed on the law and the facts on the authority of *People ex rel. De Pasquale* v. *McMann* (8 A D 2d 662). Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAWRENCE PECK, Respondent, against J. EDWIN LA VALLEE, as Warden of Clinton Prison, Appellant.— Appeal from an order of the County Court of Clinton County which sustained a writ of habeas corpus. The relator was sentenced on November 13, 1950 in the County Court of Saratoga County as a second felony offender to an indeterminate term of 5 to 10 years for burglary in the third degree. It is his contention that there was a failure to comply with section 472 of the Code of Criminal Procedure by failure to delay sentence for a period of two days. It is apparently his contention that the requirement of section 472 may not be waived. The record clearly shows that relator, while represented by able counsel who was personally present, expressly waived any delay in sentence. Such a waiver is expressly permitted by section 472, which ends with these words: "but any delay may be waived by the defendant." We see no implication to the contrary in *People ex rel. Ingber* v. *Jackson* (5 A D 2d 1019) where there was no claim or even suggestion of a waiver and obviously no such implication was intended. The writ was improperly sustained, and the order is reversed on the law and the facts, the writ dismissed, and the relator remanded to the custody of the Warden. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARIO PUMA, Respondent, against J. EDWIN LA VALLEE, as Warden of Clinton Prison, Appellant.— Appeal by the People from an order of the County Court of Clinton County which sustained a writ of habeas corpus and remanded relator to the County Court of Kings County for resentence as a first felony offender, the order providing that relator's previous sentence by the County Court of Bronx County "should not be considered as a prior felony conviction", this apparently on the ground that the provisions of section 480 of the Code of Criminal Procedure were not complied with on such previous sentence in Bronx County. The order was improper. (*People ex rel. De Pasquale* v. *McMann*, 8 A D 2d 662.) Order reversed, on the law and the facts, and writ dismissed, without costs. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.